PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GARCIA, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       vs.<br><br>HIMALASALT-SUSTAINABLE SOURCING, LLC, a Massachusetts limited liability company; and DOES 1-10, Inclusive,<br><br>       Defendants. | Case No.:  2:18-cv-7410<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

CLASS ACTION COMPLAINT

Plaintiff Erika Garcia ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except as to her own acts, which she alleges upon personal knowledge:

## **INTRODUCTION**

1. HimalaSalt-Sustainable Sourcing, LLC ("Defendant") markets and sells a variety of flavors of "organic" salt (the "Products"). As detailed herein, Plaintiff and others similarly situated (collectively, the "Class") purchased the Products in reliance on Defendant's representation that the Products are *organic* salt and thus healthier than regular salt. In so doing, Plaintiff and the Class paid more for the Products because they were marketed as an organic Products.

2. Under Federal law, the term organic "may not be used in a Products name to modify a nonorganic ingredient in the Products." (*See* 7 C.F.R. § 205.300.) Indeed, because salt is a mineral and not an agricultural Products, *"salt ingredients cannot be identified as organic."* (*See* 7 C.F.R. § 205.303(b)(1).)

3. Defendant's misrepresentations regarding the Products were designed to, and did, lead Plaintiff and the Class to believe that the Products were organic salt. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

4. Plaintiff brings this class action lawsuit to enjoin the ongoing deception of consumers by Defendant, and to recover the money taken by this unlawful practice.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

6. The Court has jurisdiction over the state law claim because it forms part of

CLASS ACTION COMPLAINT

the same case or controversy under Article III of the United States Constitution.

7.     The Court has personal jurisdiction over Defendant because the Products are advertised, marketed, distributed and sold through the State of California; Defendant engaged in the wrongdoing alleged in this Complaint in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.   Moreover, Defendant is engaged in substantial activity with the State of California.

8.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Products at issue in this action in this judicial district, and it conducts business within this judicial district.

## THE PARTIES

10.     Plaintiff Erika Garcia is a resident of Los Angeles County, California and has purchased the Products at stores in the Central District of California a number of times in 2018 and previously.   In so doing, Plaintiff specifically relied on Defendant's representations that the Products were organic salt, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for the Products.

11.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant HimalaSalt-Sustainable Sourcing, LLC is a Massachusetts limited liability company with its principal place of business located in Sheffield, Massachusetts. Defendant markets the Products in California and does business in California, including in the Central District of California.

12.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of

CLASS ACTION COMPLAINT

the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (HimalaSalt-Sustainable Sourcing, LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

13.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## **FACTUAL BACKGROUND**

14.    Defendant markets and sells a variety of flavors of "Organic" salt.  Plaintiff purchased and consumed the Products multiple times in 2018 and previously in reliance on Defendant's advertising and labeling of the Products as "organic" salt.  Specifically, Plaintiff and the Class purchased the Products in reliance on Defendant's marketing and labeling it as organic salt, more healthful than regular salt.

15.    These pictures show two examples of Defendant's "organic" salt products:

 

In this connection, reasonable consumers understand the adjective "organic" to modify the noun "salt." (*See, e.g., Ward Gen. Ins. Servs., Inc. v. Employers Fire Ins. Co.*, 114 Cal.App.4th 548, 554 (2003); *Altera Corp. v. PACT XPP Tech., AG*, No. 14-cv-02868-JD, 2015 WL 4999952, at *4 (N.D. Cal. Aug. 21, 2015) (noting that "modifiers appearing before a listing are often read to modify each element"); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 147 (2012) ("When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive ... modifier normally applies to the entire series."); *see also* Chicago Manual of Style, 17th Edition.[1]  Thus, an adjective that precedes two nouns or a compound noun is typically understood to modify both -- *i.e.*, "ORGANIC" modifies both "GARLIC" and "SALT" in the Products' labeling.

16.    Under these circumstances, Defendant's marketing and labeling of the Products violates federal regulations and other applicable law.  As noted above, the term organic "may not be used in a Products name to modify a nonorganic ingredient in the Products."  (*See* 7 C.F.R. § 205.300.)   Indeed, because salt is a mineral and not an agricultural Products, *"salt ingredients cannot be identified as organic."* (*See* 7 C.F.R. § 205.303(b)(1).)   Accordingly, Defendant's marketing and labeling of the Products as "organic" salt is both unfair, deceptive, and illegal.

17    Defendant's false representations regarding the Products were designed to, and did, lead Plaintiff and the Class to believe that the Products are organic salt, when in fact they are not.  Plaintiff and members of the Class relied on Defendant's marketing and labeling, and would not have paid as much, if at all, for the Products but for Defendant's marketing and labeling.

18.    As a consequence of its illegal marketing and labeling of the Products, Defendant has wrongfully taken millions of dollars from consumers.

---

[1]    http://theeditorsblog.net/2015/08/08/one-adjective-paired-with-multiple-nouns-a-readers-question/ (last visited Aug. 18, 2018) ("If you don't want to imply that two nouns are modified by the same adjective, you can either change the word order, pairing the noun with the adjective last in the list, or you can give the second noun a different modifier, even if it's just a determiner.").

CLASS ACTION COMPLAINT

19.     Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the funds taken by this unlawful practice.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class (collectively, the "Class" or "Classes"), defined as:

> **All California residents who made retail purchases of any of Defendant's salt Products that contain the word "Organic" in the Products name during the applicable limitations period up to and including final judgment in this action.**

21.     The proposed Class excludes current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

22.     Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

23.     The Products sold by Defendant suffer from illegal Products marketing and labeling.

24.     <u>Numerosity</u>: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on sales of the Products it is estimated that the Class is composed of more than 100,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that

CLASS ACTION COMPLAINT

joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

25.     Typicality: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

26.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that she has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

27.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

28.     Common Questions Predominate: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

> a.     Whether Defendant's marketing and labeling of salt Products as "organic" could reasonably lead consumers to believe that in purchasing the Products they were purchasing organic salt;
>
> b.     Whether Defendant's marketing and labeling of the Products falsely represented that the Products were organic salt;
>
> c.     Whether Defendant's marketing and labeling of the Products falsely represented that the Products has characteristics and benefits which it

CLASS ACTION COMPLAINT

does not have;

d.   Whether Defendant knew that its marketing and labeling of the Products were false and misleading;

e.   Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

f.   Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

g.   Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

h.   Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

i.   Whether Plaintiff and Class members are entitled to restitutionary relief; and

j.   Whether Plaintiff and Class members are entitled to injunctive relief.

29.   The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude his maintenance of this matter as a Class action.

30.   The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

31.   The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

CLASS ACTION COMPLAINT

32.     The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

33.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

## Cal. Civil Code § 1750, *et seq*.

34.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

35.     Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

36.     Plaintiff and the Class Members are consumers who purchased the Products for personal, family or household purposes. Plaintiff and the Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

37.     The Products that Plaintiff and other Class Members purchased from Defendant constituted "goods" within the meaning of Cal. Civ. Code § 1761(a).

38.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

39.     Defendant violated California law because, as detailed herein, Defendant labelled the Products as being, in essence, organic salt, when they were not, in violation of federal food labeling regulations, including, but not limited to, 7 C.F.R. §§ 205.300

CLASS ACTION COMPLAINT

and 205.303(b)(1).

40.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes illegal and unlawful competition.

41.     Cal. Civ. Code § 1770(a)(7) further prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) because Defendant has represented that the Products are of a standard, quality or grade that it does not have.

42.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes illegal and unfair methods of competition.

43.     Given the materiality of Defendant's misrepresentations, absent Class Members are entitled to a presumption of reliance.

44.     Plaintiff and the Class suffered injuries caused by Defendant because the Products did not have the qualities advertised by Defendant's marketing and labeling of the Products.

45.     On or about July 24, 2018, prior to filing this action, Plaintiff's counsel sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff's counsel sent HimalaSalt-Sustainable Sourcing, LLC, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy

of the letter is attached hereto as Exhibit 1.

46.     Wherefore, Plaintiff seeks injunctive relief for these violations of the CLRA.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

### Cal. Business & Professions Code § 17500, *et seq.*

47.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

48.     Plaintiff brings this cause of action on behalf of the Class against Defendant for violation of California's False Advertising Law, Cal. Business & Professions Code § 17500, *et seq.*("FAL").

49.     Defendant made and distributed, in California and in interstate commerce, the Products that, as detailed herein, purports through its marketing and labeling to be organic salt, which they are not, and which marketing and labeling violate, among other things, federal food labeling regulations, including, but not limited to, 7 C.F.R. §§ 205.300 and 205.303(b)(1).

50.     Accordingly, the Products labelling and advertising in California falsely describe it as organic salt, which they are not.

51.     Under California' False Advertising Law, Business & Professions Code § 17500 *et seq., "*It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property … to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated form this state before the public in any state, in any newspaper or other publication, or any advertising device … any statement concerning that real or personal property … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. …"  (Cal. Business & Professions Code § 17500.)

52.     Defendant's labelling and advertising statements, communicating to consumers that the Products consists of organic salt and concealing the fact that they are

not, were untrue and misleading, and Defendant at a minimum by exercise of reasonable care should have known that those actions were false or misleading.   Defendant's conduct violated California's False Advertising Law.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### Cal. Business & Professions Code § 17200, *et seq*.

53.   Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

54.   Plaintiff brings this cause of action against Defendant for violation of California's Unfair Competition Law, Cal. Business & Professions Code § 17200, *et seq.* ("UCL").

55.   Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.   Specifically, Plaintiff purchased the Products in reliance on Defendant's marketing and labeling claims.   The Products were not as marketed and labeled, specifically, they were not organic salt.

56.   Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code § 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, within the meaning of California Business and Professions Code § 17200, *et seq.*

57.   Defendant knew or should have known by exercising reasonable care that its representations, namely, its marketing and labeling regarding the Products, were false and/or misleading.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that the Products were organic salt, when they are

not, and when such claims are specifically barred by applicable federal regulations, including, but not limited to, 7 C.F.R. §§ 205.300 and 205.303(b)(1).

58.     Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products does not have the characteristics advertised by Defendant's marketing and labeling of the Products.

59.     Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Products as set forth herein.

60.     Defendant's business practices, as alleged herein, are unlawful because they violate the Consumers Legal Remedies Act and False Advertising Law.

61.     Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Products has characteristics and benefits it does not have.

62.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling the Products in a manner likely to deceive the public.

63.     As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code § 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Products.  Plaintiff and members of the Class would not have purchased or would have paid less for the Products had they known that they were not as represented.

64.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint.  Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them as named in the future, as follows:

A.      For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representatives, and designating Plaintiff's counsel as counsel for the Class;

B.      For an Order declaring that Defendant's conduct violated the CLRA, Cal. Civ. Code § 1750, et seq.;

C.      For an Order declaring that Defendant's conduct violated the FAL, Cal. Business & Professions Code § 17500, et seq.;

D.      For an Order declaring that Defendant's conduct violated the UCL, Cal. Business & Professions Code § 17200, et seq.;

E.      For injunctive relief as pleaded or as the Court may deem proper;

F.      For an order of restitution and all other forms of equitable monetary relief, as pleaded;

G.      For compensatory damages in amounts to be determined by the Court and/or jury;

H.      For punitive damages;

I.      For prejudgment interest on all amounts awarded;

J.      For an Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded pursuant to, *inter alia*, Cal. Civ. Code § 1780(e) and Cal. Civ. Proc. Code § 1021.5; and

K.      For such other and further relief as the Court deems just and proper.

Dated:  August 23, 2018                    PACIFIC TRIAL ATTORNEYS
                                           A Professional Corporation

                                           By: */s/ Scott J. Ferrell*
                                           Scott. J. Ferrell
                                           Attorneys for Plaintiff

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Date: August 23, 2018                    Respectfully submitted,

                                         PACIFIC TRIAL ATTORNEYS
                                         A Professional Corporation


                                         By: _/s/Scott J. Ferrell_____
                                         Scott J. Ferrell
                                         Attorneys for Plaintiff

- 15 -

CLASS ACTION COMPLAINT